**IN THE COURT OF APPEALS OF IOWA**

No. 24-0294
Filed August 20, 2025


**ESTEBAN VELAZQUEZ-RAMIREZ,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____


        Appeal from the Iowa District Court for Crawford County, James N. Daane,

Judge.


        A postconviction-relief applicant appeals the district court's order dismissing

his application. **AFFIRMED.**


        Gregory F. Greiner, West Des Moines, for appellant.

        Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee.


        Considered without oral argument by Ahlers, P.J., and Badding and

Buller, JJ.

**AHLERS, Presiding Judge.**

Esteban Velazquez-Ramirez was convicted of first-degree murder in 2004. He filed this action—his third application for postconviction relief—in 2023. He made no substantive claim for postconviction relief. He claimed only that he is entitled to file a postconviction-relief action outside the three-year statute of limitation provided for in Iowa Code section 822.3 (2023) because *New York State Rifle and Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022) provides a new ground of law exempting his application from time bar found in section 822.3. The district court found *Bruen* did not apply and dismissed Velazquez-Ramirez's application. He appeals.

We have repeatedly addressed and rejected the claim made here. *See Losee v. State*, No. 24-0794, 2025 WL 2057914, at *2 (Iowa Ct. App. July 23, 2025); *Dixon v. State*, No. 23-2106, 2025 WL 1704196, at *1 (Iowa Ct. App. June 18, 2025); *Woodberry v. State*, No. 23-1956, 2025 WL 1704362, at *1 (Iowa Ct. App. June 18, 2025); *Roach v. State*, No. 24-0074, 2025 WL 1453349, at *1 (Iowa Ct. App. May 21, 2025); *Ledesma v. State*, No. 24-0479, 2025 WL 1322681, at *1 (Iowa Ct. App. May 7, 2025); *Neal v. State*, No. 24-0669, 2025 WL 1321447, at *1 (Iowa Ct. App. May 7, 2025); *Thongvanh v. State*, No. 24-0783, 2025 WL 547744, at *1 (Iowa Ct. App. Feb. 19, 2025); *Lord v. State*, No. 24-0065, 2025 WL 272579, at *1 (Iowa Ct. App. Jan. 23, 2025); *Dao v. State*, No. 23-1629, 2024 WL 3887440, at *1 (Iowa Ct. App. Aug. 21, 2024). A full opinion would not augment or clarify existing case law, so we affirm without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (d), (e).

**AFFIRMED.**